UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Staggers, Jr., #346677, ) | |
| ) | C/A No.: 2:12-cv-00317-GRA-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Kenny Boone, Director, Sheriff; ) | **ORDER** |
| McDougaly, R.N., and Florence County, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court for review of United States Magistrate Judge Bruce Howe Hendricks' Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed on May 1, 2012. Plaintiff filed this action on February 2, 2012. On March 2, 2012, the magistrate court issued a Proper Form Order directing Plaintiff to complete one summons form listing every Defendant by name with a full address. *See* ECF No. 8. Plaintiff subsequently filed an amended complaint on March 21, 2012 in which Plaintiff added a new defendant, Florence County. *See* ECF No. 11. On March 29, 2012, the magistrate court issued an order directing Plaintiff to complete and return blank service documents for Defendant Florence County to the court within twenty-one days from the date the order was entered (plus three days for mail time). *See* ECF No. 16. Plaintiff did not respond to the court's March 29, 2012 Order, and he failed to submit the requested service documents for Defendant Florence County as ordered. The time to submit the proposed service documents has since lapsed.

Accordingly, Magistrate Judge Hendricks recommends that this Court dismiss Defendant Florence County without prejudice from this action. This Court adopts the magistrate's recommendation in its entirety.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections on May 17, 2012 alleging that he never added new defendants and that he complied with the magistrate court's March 2, 2012 order. *See* ECF No. 26. This Court finds that Plaintiff's objection has no merit and comports with the finding of the

magistrate judge in the Report and Recommendation that Plaintiff did not intend to add Defendant Florence County as a defendant in the instant matter.

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Defendant Florence County is DISMISSED without prejudice from this action.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June 28, 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.